UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEILA MTIULISHVILI,<br><br>                      Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                      Respondents. | Case No.: 26-cv-387-RSH-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HEABEAS CORPUS** |

On January 20, 2026, petitioner Leila Mtiulishvili, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Russia, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *See id.* at 1; ECF No. 4 at 1. Respondents have filed a return. ECF No. 4. As set forth below, the Court grants the Petition.

### I. BACKGROUND

On March 26, 2025, Petitioner applied for admission to the United States from Mexico at the San Ysidro, California Port of Entry. *Id.* at 1. Petitioner did not possess entry documents, and was taken into custody and initially placed in expedited removal proceedings. *Id.* at 1–2. She stated that her purpose in coming to the United States was to

1

seek protection, and claimed a fear of persecution if returned to Russia. ECF No. 4-1 at 4. Petitioner was ultimately placed in full removal proceedings pursuant to 8 U.S.C. § 1229a, and in connection with those proceedings she applied for asylum and related relief. ECF No. 4 at 2.

On November 19, 2025, Petitioner appeared before an immigration judge for an individual merits hearing. *Id.* The immigration judge denied her requests for relief and ordered her removed to Russia. *Id.* On December 15, 2025, Petitioner appealed that order to the Board of Immigration Appeals. *Id.* Her appeal is pending. *Id.*

Petitioner was 18 years old at the time of her arrest, and remains in custody.

## II.   LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.   ANALYSIS

Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." The issue presented here is whether, in the circumstances of this case and at this point in time, applying this mandatory detention regime violates Petitioner's due process rights.

Respondents argue that under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Petitioner has no due process rights beyond those that Congress has provided, and that her due process claim therefore fails. ECF No. 4 at 5–6. In *Thuraissigiam*, the Supreme Court rejected a habeas petitioner's argument that the due process clause conferred rights to challenge his expedited removal

beyond those established by Congress, stating that "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." 591 U.S. at 107. The petitioner in that case had "attempted to enter the country illegally and was apprehended just 25 yards from the border." *Id.* The Supreme Court determined that the "political department of the government" had plenary authority to admit or exclude aliens seeking initial entry, and thus "an alien in respondent's position has only those rights regarding admission that Congress has provided by statute." *Id.* at 139–40.

Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of arriving aliens subject to mandatory detention under Section 1225(b). *See Petgrave v. Aleman*, 529 F. Supp. 3d 665, 679 (S.D. Tex. 2021) ("As far as Petitioner is concerned, whatever procedure Congress has authorized is sufficient due process."); *Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329, 536 (W.D.N.Y. 2021) ("Petitioner is on the threshold of initial entry into the United States and . . . he accordingly is not entitled to procedural protections beyond those provided by statute.").

Most courts have ruled otherwise. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) … 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'") (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). This Court agrees with the majority position that a person detained under Section 1225(b) may assert a due process challenge to prolonged mandatory detention without a bond hearing.

  This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever."); *Hernandez v. Wofford*, No. 25-cv-986-KES-CDB (HC), 2025 WL 2420390, at *3 (E.D. Cal. Aug. 21, 2025) ("Although the Supreme Court has described Congress's power over the 'policies and rules for exclusion of aliens' as 'plenary,' and held that this court must generally 'defer to Executive and Legislative Branch decisionmaking in that area,' it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority'—through detention or otherwise.") (citations omitted); *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("The holding in *Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections.").

  In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali*, 499 F. Supp. 3d at 773–74; *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773–74.

  Here, Petitioner has been detained for over 10 months. This duration of detention does not presumptively establish unreasonably prolonged detention, but neither does it prevent constitutional scrutiny. *See, e.g.*, *Zarei v. LaRose*, No. 26-cv-308-GPC-MMP, 2026 WL 252585 (S.D. Cal. Jan. 30, 2026) ("While close to ten months of detention does not presumptively establish unreasonably prolonged detention, it is also not so little time

1  as to preclude constitutional scrutiny."). District courts have taken different positions on
2  whether detention of this length weighs in favor of or against granting a bond hearing.
3  *Compare Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL
4  3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months
5  without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases),
6  *with Miagkikh v. LaRose*, No. 25-cv-3755-CAB-BJW, 2026 WL 237742, at *2 (S.D. Cal.
7  Jan. 29, 2026) ("Here, the first factor weighs against Petitioner given that she has been
8  detained for nine months."). In any case, Petitioner's length of detention here is not
9  determinative.
10      Petitioner's conditions of detention favor setting a bond hearing. Courts in this
11 district have found that conditions at the Otay Mesa Detention Center are
12 "indistinguishable from penal confinement," and that this factor weighs in favor of
13 petitioners' due process arguments of prolonged detention. *Kydyrali*, 499 F. Supp. 3d at
14 773; *see Hoyos Amado*, 2025 WL 3079052, at *6. The Court also considers evidence of
15 Petitioner's medical and psychological conditions while in custody at Otay Mesa Detention
16 Center, including the report submitted by a licensed social worker, along with the fact that
17 Petitioner was 18 years old when she was taken into custody over ten months ago.
18      The likely duration of future detention also favors Petitioner here, where her appeal
19 has recently been filed and no further dates appear to have been set. The remaining factors
20 are neutral. The Court does not assign responsibility to either party for the length of time
21 taken to reach this stage of the proceedings; similarly, on the record presented, the Court
22 is not in a position to assess the likelihood that the proceedings will result in a final order
23 of removal.
24      On balance, the Court determines that the applicable factors indicate that Petitioner's
25 detention without a bond hearing has become unreasonable and violates due process.
26 Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents
27 must justify her continued detention by a showing of clear and convincing evidence that
28 Petitioner would likely flee or pose a danger to the community if released. *See Singh v.*

*Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

## IV.  CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are directed to arrange an individualized bond hearing for petitioner Leila Mtiulishvili before an immigration court within ***fourteen (14) days of this order*** as described above.

**IT IS SO ORDERED**.

Dated: February 10, 2026

_____
Hon. Robert S. Huie
United States District Judge